**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| B.S.C. HOLDING, INC., and | ) |
| LYONS SALT COMPANY | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No: _11-CV-2252_ EFM/DJW |
| | ) |
| LEXINGTON INSURANCE COMPANY | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiffs B.S.C. Holding, Inc. ("BSC") and Lyons Salt Company ("Lyons Salt"), and for their Complaint for Declaratory Judgment against Lexington Insurance Company ("Lexington"), state as follows.

**NATURE OF ACTION**

1.      Lyons Salt owns and operates the Lyons Salt Mine and Plant ("Lyons Salt Mine") in Lyons, Kansas.

2.      In April of 2010, after extensive investigation by geotechnical experts and engineers, BSC and Lyons Salt discovered that the inflow of water from an aquifer had caused the dissolution of the salt and deformation of the shale formations above the Lyons Salt Mine, and had compromised the mine's structural integrity.

3.      It was further determined that if this problem is not immediately remedied, there will be an imminent, catastrophic inflow of water resulting in total physical loss of the Lyons Salt Mine.

4.      The remedy recommended by the consulting experts and engineers is the installation of a specially designed concrete bulkhead in the affected section of the Lyons Salt Mine in order to prevent further water inflow and the dissolution of the salt and deformation of the shale formations.

5.      The substantial money and other resources expended by BSC and Lyons Salt in safeguarding the Lyons Salt Mine, as well as the substantial money and other resources required to implement the recommended remedy and prevent the total physical loss of the same (the "Loss") is insured under one of several all risk Commercial Property Policy of insurance ("Policies") issued to BSC and Lyons Salt by Lexington.

6.      When BSC and Lyons Salt requested coverage for the Loss, Lexington refused to acknowledge coverage under its Policies and issued a reservation of rights.  BSC and Lyons Salt have submitted to Lexington substantial documentation establishing the existence and amount of the Loss.  Lexington nonetheless persists in its failure to acknowledge its contractual obligation to cover the Loss.

7.      BSC and Lyons Salt therefore seek a declaration that the Loss is covered under the Policies.

**THE PARTIES**

8.      Plaintiff BSC is a corporation organized under the laws of the State of Kansas with its principal place of business in Mission, Kansas.

9.      Plaintiff Lyons Salt is a corporation organized under the laws of the State of Kansas with its principal place of business in Lyons, Kansas.

10.     Defendant Lexington is an insurance company organized under the laws of the State of Delaware with its principal place of business in Boston, Massachusetts.  Lexington is

2

licensed to transact the business of insurance in the State of Kansas and is engaged in the business of selling insurance policies.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

12.     Venue is proper in this District under 28 U.S.C. § 1391(a) and (c).

13.     This Court has personal jurisdiction over Lexington pursuant to Rule 4 of the Federal Rules of Civil Procedure and Section 60-308 of the Kansas Statutes Annotated because Lexington has contracted to insure property in the State of Kansas and has maintained a substantial, continuous, and systematic presence in the State of Kansas.

14.     Pursuant to the Service of Suit Clause in the Policies, Lexington has agreed to submit to the jurisdiction of this Court.

## THE LEXINGTON POLICIES

15.     Lexington sold six annual all risk Commercial Property Policies to BSC. The Policies were underwritten by Lexington, and were in effect from May 1, 2004 to April 1, 2010, naming BSC as the Named Insured and Lyons Salt as an additional insured.  BSC and Lyons Salt paid over $400,000 in premiums for the Policies.

16.     Lexington issued BSC and Lyons Salt the following relevant Policies:

    a.   Policy No. 1282449 with a policy period of May 1, 2004 to May 1, 2005.

    b.    Policy No. 1283070 with a policy period of May 1, 2005 to May 1, 2006.

c.   Policy No. 1283610 with a policy period of  April 1, 2006, to April 1, 2007.

d.  Policy No. 4422018 with a policy period of  April 1, 2007 to April 1, 2008.

e.  Policy No. 45834167 with a policy period of  April 1, 2008 to April 1, 2009.

f.  Policy No. 21437911 with a policy period of  April 1, 2009 to April 1, 2010.

17.   Each Policy contains identical or substantially identical insuring agreements that insure against the following:

> Subject to the terms, conditions and exclusions hereinafter contained, this Policy insures:
>
> All real and personal property (including improvements and betterments) and contractors equipment of this Insured or similar property in the Insured's care, custody or control for which the Insured may be held liable against all risks of direct physical loss or damage occurring during the period of this policy as stated in the Schedule and/or Declarations attaching to and forming part of this policy.  Coverage is further extended to newly acquired Property or Equipment provided that the Company is notified within 60 days.

"Manuscript All Risk," ¶ 1.

18.   Each Policy contains the following provisions that promise to pay for expenses incurred in the defense, safeguarding, preservation, protection, and recovery of such insured property, though such provisions conflict on how and in what amounts such expenses shall be paid:

> 9. Sue and Labor.  In case of an actual or imminent loss or damage, it shall be lawful and necessary for the Insured, his or their factors, servants and assigns, to sue, labor and travel for, in

and about the defense, safeguard and recovery of the property Insured hereunder, or any part thereof without prejudice to this insurance, nor shall the acts of the Insured or the Company in recovering, saving and preserving the property insured in case of loss or damage be considered a waiver or an acceptance of abandonment.  The expenses so incurred shall be borne by the Insured and the Company proportionately to the extent of their respective interests.

\*\*\*\*

29.  Preservation and Protection of Property.  In case of actual or imminent danger of loss or damage, the Insured shall take all necessary steps to preserve and protect property from any further damage.  When approved by this Company, expense necessarily incurred for such preservation or protection shall be borne equally by the Insured and the Company, but any payment by the Company shall not be an additional amount of insurance and shall be subject to the Policy deductible.

Conditions, ¶¶ 9, 29.

19.     Each Policy provides a policy limit of $7,500,000 "per occurrence."

Declarations.

20.     BSC and Lyons Salt have satisfied any deductible for the Loss that is required by the Policies.

21.     BSC and Lyons Salt have fully or substantially complied with all applicable conditions and duties under the terms and provisions of each Policy.

22.     BSC and Lyons Salt have caused no prejudice or impairment to Lexington.

23.     A true, correct, and complete copy of each Policy is attached hereto as Exhibits A – F.

## THE LOSS AT THE LYONS SALT MINE

24.     The Lyons Salt Mine is an improvement on real property from which Lyons Salt mines salt at a depth of approximately 1000 feet below the surface of the ground.

25.     In January 2008, mine personnel detected what then appeared to be a small inflow of water into the northwest corner of the Lyons Salt Mine.

26.     In April 2010, after extensive investigation and study by geotechnical experts and engineers, it was determined that this inflow of water was from a nearby aquifer, and that this condition had caused the dissolution of the salt and deformation of the shale formations above the Lyons Salt Mine, and had compromised the mine's structural integrity.

27.     To date, BSC and Lyons Salt have expended nearly $3,000,000 in their investigation and evaluation of the geological and hydrogeological condition of the Lyons Salt Mine in an attempt to defend, safeguard, and preserve the Lyons Salt Mine.

28.     The geotechnical experts and engineers that undertook this investigation and study concluded that if the problem is not immediately remedied, there will be an imminent, catastrophic inflow of water that will result in the total physical loss of the Lyons Salt Mine.

29.     The consulting experts and engineers have informed Lyons Salt that it must immediately install a specially designed concrete bulkhead in the affected section of the Lyons Salt Mine to prevent further water inflow and consequent dissolution of the salt and deformation of the shale formations.

30.     The cost of implementing this remedy is estimated to exceed $8,000,000.

## LEXINGTON'S RESERVATION OF RIGHTS

31.     On July 19, 2010, BSC and Lyons Salt tendered a Notice of Loss to Lexington in compliance with all of the conditions and provisions of each Policy.

32.     The Notice of Loss set forth a summary of the circumstances of the loss, and the remedy recommended by Lyons Salt's geotechnical experts and engineers. .

33.     The Notice of Loss also informed Lexington that BSC had expended in excess of $2,500,000 in this endeavor in order to defend, safeguard, and preserve the Lyons Salt Mine.

34.     By letter dated October 22, 2010, Lexington and/or its agents acknowledged receipt of the Notice of Loss.

35.     Lexington's October 22, 2010 letter informed BSC that it was expected and required to continue to expend money and resources to "take all steps necessary to preserve and protect its property and to prevent further loss or additional damage."

36.     However, Lexington has not to date identified how, in what amount, or even whether BSC and Lyons Salt would be reimbursed for such expenditures, and as set forth above, each of the Policies provides conflicting provisions on this issue.

37.     Lexington's October 22, 2010 letter also reserved the right to deny coverage for the claim on a number of different grounds, including purported non-compliance with notice conditions, as well as several purportedly applicable exclusions in the Policies.

38.     However, the Loss suffered by BSC and Lyons Salt is covered by the Policies, and none of the conditions or exclusions in any of the Policies operates to bar coverage for BSC's claim for insurance coverage for the Loss.

39.     On or about December 2, 2010, BSC and Lyons Salt submitted to Lexington its Sworn Proof of Loss.

40.     The Sworn Proof of Loss sets forth the amount that BSC and Lyons Salt have incurred to defend, safeguard, preserve, protect, and recover the Lyons Salt Mine as of November 30, 2010, which was then in excess of $2,850,000, as well as the supporting documentation for the same.

41.     The Sworn Proof of Loss also set forth the estimated total cost to install the specially designed bulkhead as recommended by the consulting geotechnical experts and engineers, which was then estimated at almost $9,000,000, as well as the supporting documentation for the same.

42.     In its Sworn Proof of Loss, BSC and Lyons Salt submitted 14 expert reports comprising 812 pages.

43.     An inspection of the Lyons Salt Mine by an expert hired by Lexington was then scheduled to take place on January 27, 2011.

44.     Prior to the scheduled inspection date, by letter dated December 17, 2010, Lexington set forth the following 16 information requests:

> 1.      All documents reflecting oral or written communications with any party relative to the discovery of the condition of the mine on January 17, 2008 from that date to the present;
>
> 2.      All documents relating to investigations or inspections relative to the discovery of the condition of the mine on January 17, 2008 performed by Alpha Geoscience;
>
> 3.      All documents relating to investigations or inspections relative to the discovery of the condition of the mine on January 17, 2008 performed by Bay Geophysical, Inc.;

4.      All documents relating to investigations or inspections relative to the discovery of the condition of the mine on January 17, 2008 performed by Respec Consulting & Services;

5.      All other documents relating to investigations, inspections, repairs to remediation efforts relative to the discovery of the condition of the mine on January 17, 2008 performed by B.S.C. Holding or a third party or outside vendor;

6.      All witness statements or reports relative to the discovery of the condition of the mine on January 17, 2008 from that date to the present;

7.      All documents reflecting oral or written communications with the Town of Lyons, Kansas relative to the discovery of the condition of the mine on January 17, 2008 from that date to the present;

8.      All notes, memoranda, reports or other documents from any and all meetings to discuss the discovery of the condition of the mine on January 17, 2008 from that date to the present;

9.      All correspondence or other documents with the EPA relative to the discovery of the condition of the mine on January 17, 2008 from that date to the present;

10.      All correspondence or other documents with any local or state agency relative to the discovery of the condition of the mine on January 17, 2008 from that date to the present;

11.      All photographs taken during the investigation, inspection, mitigation or remediation of the Lyons Salt Mine after the discovery of its condition on January 17, 2008;

12.      Any other insurance policies that might apply to the claim;

13.      All incident reports, damages reports or notices of damage relative to the Lyons Salt Mine after the discovery of its condition on January 17, 2008;

14.      All documents submitted to any and all insurers relative to the discovery of the condition of the Lyons Salt Mine on January 17, 2008;

15.      All bills, invoices, purchase orders, or other documents relating to expenses incurred by B.S.C. Holding relative to the

discovery of the condition of the Lyons Salt Mine on January 17, 2008;

16.     Any and all geotechnical surveys, consultant reports and/or other investigative reports, and repair and/or remediation documentation relating to the condition of the Lyons Salt Mine from January 1, 2000 to January 17, 2008.

45.     Lexington's December 17, 2010 letter also reaffirmed its prior reservation of right to deny coverage, including the right to add any new bases for denial that it discerned within the documents and information it requested from BSC and Lyons Salt.

46.     Nevertheless, BSC and Lyons Salt responded to Lexington's information request, submitting 9 CDs containing technical reports, PowerPoint presentations, memoranda, and submissions to government agencies.

47.     On January 27, 2011, Lexington's mining expert inspected the Lyon's Salt Mine.

48.     To date, Lexington has not provided BSC or Lyons Salt with copies of its expert's reports and/or opinions; has not clarified how, in what amount, or even whether Lexington will indemnify BSC or Lyons Salt for the expenditures incurred in the safeguarding, protecting, preserving and recovering the Lyons Salt Mine; and Lexington has neither taken any position on coverage for the Loss nor provided BSC or Lyons Salt with any assurances as to when Lexington will take such a position.

**CLAIM FOR RELIEF**
**REQUEST FOR DECLARATORY JUDGMENT**

49.     BSC and Lyons Salt reallege and incorporate by reference paragraphs 1 through 48 of this Complaint as if set forth herein in their entirety.

50.     This is a request for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.  BSC and Lyons Salt seek a judicial determination that the Loss is covered

under the Policies and that Lexington is obligated to indemnify BSC and Lyons Salt for the full amount of such Loss, damages, and expenses.

51.     Lexington has refused to acknowledge or perform its obligation to indemnify BSC and Lyons Salt for its Loss, which is covered under one or more of the Policies.

52.     An actual justiciable controversy exists between BSC, Lyons Salt, and Lexington with respect to Lexington's obligations to indemnify BSC and Lyons Salt under the Policies for the Loss.  The controversy is of sufficient immediacy to justify the issuance of declaratory relief.  The issuance of declaratory relief by this Court on disputed issues of coverage under the Policies will resolve some or all of the existing controversy between the parties.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff BSC and Lyons Salt respectfully pray this Court grant the following relief:

1.     With respect to BSC's and Lyons Salt's Claim for Relief, Plaintiffs requests that the Court enter a judgment declaring that Lexington is obligated under the terms of one or more of the Policies to indemnify BSC and Lyons Salt for the Loss, including the expenditures incurred in defending, safeguarding, and preserving the Lyons Salt Mine, subject only to the $7,500,000 policy limit.

2.     BSC and Lyons Salt also request that the Court award BSC and Lyons Salt such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs BSC and Lyons Salt hereby demand a trial by jury of all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs BSC and Lyons Salt state that the place of trial shall be at the United States

District Courthouse in Kansas City, Kansas.


Dated:  May 5, 2011                     Respectfully submitted,


                                        Lathrop & Gage LLP


                                By:  /s/Douglas R. Dalgleish
                                        Douglas R. Dalgleish  (39769)
                                        ddalgleish@lathropgage.com
                                        Ian Hale (22806)
                                        ihale@lathropgage.com
                                        2345 Grand Boulevard, Suite 2200
                                        Kansas City, Missouri 64108-2618
                                        Telephone:  (816) 292-2000
                                        Telecopier:  (816) 292-2001

                                        ATTORNEYS FOR PLAINTIFFS