## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

B.S.C. HOLDING, INC.,
et al.,

                Plaintiffs,

v.                                         Case No. 11-2252-EFM/DJW

LEXINGTON INSURANCE COMPANY,

                Defendant.

## ORDER REGARDING PLAINTIFFS' OBJECTIONS
## TO DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES
## INCLUDED IN PROPOSED PRETRIAL ORDER

The Court held the pretrial conference in this case on July 17, 2012.  During the conference, Plaintiffs objected to the inclusion of several defenses and affirmative defenses by Defendant in the parties' proposed pretrial order.  The Court ordered the parties to further confer regarding Plaintiffs' objections to Defendant's defenses and affirmative defenses, as well as Defendant's essential elements of its affirmative defenses.  It further ordered Plaintiffs to file a pleading setting out their specific objections to the defenses and affirmative defenses Defendant included in the proposed pretrial order.  Defendant was ordered to file its proposed "Essential Elements of Defendant's Affirmative Defenses" section.   Each side was then given an opportunity to file a response.  The parties were ordered to submit a revised pretrial order by July 30, 2012, with the changes discussed at the pretrial conference, as well as any revisions as a result of the parties' conferring efforts. All objections and disputes remaining unresolved were to be left as footnotes in the revised proposed pretrial order submitted to the Court.

In accordance with the Court's instructions from the pretrial conference, Plaintiffs filed their Objections to Defendant's Defenses & Affirmative Defenses in the Pretrial Order (ECF No. 118),

and Defendant filed its Revised Paragraph 7.b. to the Pretrial Order (ECF No. 119).   The parties

then filed their respective responses (ECF Nos. 120 and 121).  Finally, on July 30, 2012, the parties

submitted their revised proposed pretrial order with footnotes and other notations indicating the

sections where they had not resolved their disputes.  From the Court's review of the parties' briefing

and the revised pretrial order, it appears that following objections/issues remaining outstanding:

- Plaintiffs' objections to Defendant's inclusion of defenses (26), (23), and (25) as not previously pled and therefore waived;

- Plaintiffs' objection to defense (1) as lacking specificity;

- Plaintiffs' objection to defense (7) as contrary to facts Defendant previously admitted;

- Plaintiffs' objection to Defendant's inclusion of its First, Third, Seventh, and Ninth affirmative defenses where Defendant does not bear the burden; and

- Plaintiffs' objections to Defendant's essential elements for its Fifth, Sixth, and Eighth Affirmative Defenses.

## I.   Plaintiffs' Objections to Defendant's Affirmative Defenses Not Previously Pled

### A.   Affirmative Defense of Failure to Mitigate Damages (26)

Plaintiffs object to Defendant's inclusion of affirmative defense (26) in the proposed pretrial

order.  That affirmative defense asserts that "Plaintiffs failed to mitigate their damages and as such

recovery is barred or limited due to such failure."  Plaintiffs argue that Defendant should not be

permitted to include this affirmative defense in the pretrial order because Defendant failed to

previously pled it in its answer.

Defendant admits that its "failure to mitigate" defense was not specifically pleaded as an

affirmative defense in its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint. Rather than removing this defense from the pretrial order, it requests leave to amend the pleadings to add "failure to mitigate" as an affirmative defense. It claims that the factual bases for its "failure to mitigate" defense arose on July 18, 2012, during the fact deposition of Nathan Steele, the General Manager of the Lyons Salt Mine.

Plaintiffs oppose Defendant's request for leave to amend to add this affirmative defense. They dispute Defendant's allegation that it only became aware of the basis for asserting the affirmative defense on July 18, 2012. They point out that Defendant's counsel provided the Court with a copy of the parties' proposed pretrial order – which contained the failure to mitigate affirmative defense – on July 10, 2012, eight days before Mr. Steel was deposed. Plaintiffs also state that Defendant's desire to add the defense was discussed by the parties during the lengthy negotiation process before the parties submitted the pretrial order to the Court on July 10. In addition to disputing that Defendant only recently became aware of the basis for the affirmative defense, Plaintiffs argue that it would be futile to grant Defendant leave to amend, the facts underlying the affirmative defense have been available to Defendant for months, and the addition of the affirmative defense at this late date will prejudice them.

Defendant's request for leave to amend its pleadings to assert the affirmative defense of failure to mitigate damages is denied. The Scheduling Order deadline for filing motions to amend expired over 10 months ago on September 26, 2011, and Defendant has failed to convince the Court that it first discovered the factual bases for the affirmative defense during Mr. Steel's deposition on July 18, 2012. As Plaintiffs point out, Defendant appears to have been aware of this affirmative defense before it submitted the proposed pretrial order since it listed it therein as an affirmative

defense.  The Court will therefore deny Defendant's request for leave to amend on the grounds that

it is untimely and Defendant has not shown any excusable neglect for the delay.  Nor has Defendant

shown that it only recently learned of the factual basis for the affirmative defense. The Court also

finds that Plaintiffs would be unduly prejudiced by the late addition of the affirmative defense.

Discovery is closed and the parties have filed their motions for summary judgment.  Because

Defendant failed to previously plead its failure to mitigate affirmative defense, it may not now

include it as affirmative defense in the Pretrial Order.  Plaintiffs' objection to Defendant's inclusion

of defense (26) in the pretrial order is sustained. The Court will delete this defense from the Pretrial

Order prior to entering the order.

**B.      Defense That Plaintiffs Limited to Reasonable Remediation Costs (23)**

Plaintiffs also object to Defendant's inclusion of defense (23) in the pretrial order.

Defendant describes this defense in the proposed pretrial order as:

> (23) If it is determined that a "loss" occurred, and if it is also determined that either
> the "Sue and Labor" and/or "Preservation and Protection of Property" clauses are
> applicable, the steps taken by Plaintiffs to remediate the water inflow problem were
> unreasonable - Plaintiffs are limited to recover only reasonable remediation costs.

Plaintiffs object that Defendant failed to specifically plead this affirmative defense of

reduction (sometimes called recoupment) in its answer, and therefore cannot include it in the pretrial

order.  According to Plaintiffs, this is an affirmative defense closely related to the affirmative

defense of mitigation of damages.

Defendant argues that it is merely asserting that some of Plaintiffs' claimed damages were

unreasonable and thus their damages should only include "reasonable remediation costs." It

disagrees with Plaintiffs' attempt to characterize this defense as one of "recoupment," and that

recoupment is closely related to the affirmative defense of mitigation of damages.  There is nothing

in Defense No. 23 to suggest that Defendant is asserting a defense that it is owed money arising out of the same transaction and that said money should be set off against Plaintiffs' claimed damages.

Regardless of how the parties characterize this defense, Defendant still must plead enough in its answer to put Plaintiffs on notice that it intends to assert this defense. Defendant has not provided a citation to the record where it has pled this defense. Nor does the Court find any reference to this defense in Defendant's answer (ECF No. 12). As Defendant has failed to plead this defense, it cannot include it in the pretrial order. Plaintiffs' objection to Defendant's inclusion of defense (23) in the pretrial order is sustained. The Court will delete this defense from the Pretrial Order prior to entering the order.

### C.      Waiver and/or Estoppel Defense (25)

Plaintiffs object to Defendant's inclusion of the defense of waiver and/or estoppel, which Defendant describes in the prosed Pretrial Order as follows:

> (25) Plaintiffs cannot rely on any language contained in Lexington's Reservation of Rights letter since Plaintiffs voluntarily incurred expenditures to resolve the water inflow issue prior to receiving said letter.

Plaintiffs object that Defendant has failed to raise this affirmative defenses in its answer and has therefore waived its right to now rely on it. They request that Defendant not be permitted to include this defense in the pretrial order.

Defendant claims that Plaintiffs are mistaken in their argument. They erroneously believe that Defendant is making an affirmative estoppel and/or waiver claim, alleging that Plaintiffs are estopped from doing something based on certain actions or statements. To the contrary, defense (25) is based on Plaintiffs' own failure to affirmatively plead estoppel in its amended complaint and/or Plaintiffs' inability to affirmatively prove estoppel (if it is shown that it was pleaded properly).

5

The Court has reviewed Defendant's answer and finds no allegations or references to a waiver or estoppel theory defense based upon Plaintiffs voluntarily incurring expenditures to resolve the water inflow issue prior to receiving Defendant's reservation of rights letter. Defendant must plead enough in its answer to put Plaintiffs on notice that it intends to assert this defense so that Plaintiffs can conduct discovery and prepare its case. Defendant has not provided a citation to the record where it has pled this defense. As Defendant has failed to plead this defense, it cannot include it in the pretrial order. Plaintiffs' objection to Defendant's inclusion of defense (25) in the pretrial order is sustained. The Court will delete this defense from the Pretrial Order prior to entering the order.

## II.     Plaintiffs' Objections to Defense (1) as Lacking Sufficient Specificity

Plaintiffs next object to Defendant's inclusion of defenses in the pretrial order that are so lacking in specificity that they fail to provide fair notice of the actual defense or issue that is being asserted. Remaining at issue is defense (1), which Defendant sets out in the pretrial order as: "Plaintiffs cannot establish that the 'Sue and Labor' provision(s) contained in the policies applies to their claim and thus their claim is barred." Plaintiffs argue that Defendant should not be allowed to include this "Plaintiffs cannot establish" defense because it fails to suggest what particular provision or element is disputed or why.

Defendant responds that it has complied with the instructions to the form pretrial order, which only require a defendant to "provide a concise list . . . of all of the defendant's defenses, regardless of whether the defense is a mere denial of a certain claim or whether the defense is affirmative in nature." It argues that these instructions do not require the specificity that Plaintiffs demand in their objections. According to Defendant, defense (1) is a mere denial of a claim.

6

The Court agrees with Defendant that its defense (1) is a mere denial of a claim, and that it has sufficiently complied with the instructions of the form pretrial order by providing a "concise list" of its denial defenses.  Plaintiffs' objection to proposed pretrial order defense (1) is overruled.  This defense will remain in the pretrial order.

### III.    Plaintiffs' Objections to Defense (7) as Contrary to Facts Previously Admitted

Plaintiffs next object to Defendant's inclusion of defense (7) in the pretrial order because it is contrary to facts previously admitted by Defendant.  This defense alleges that "Plaintiffs did not determine that the claimed 'loss' was 'imminent' until after April 1, 2010, after the last [Defendant] policy had expired, and thus recovery is barred."  Plaintiffs argue that defense (7)  is contrary to the statement in Defendant's answer admitting that "the structural integrity of the Lyons Salt Mine was compromised prior to April 2010."

Defendant disputes that its statement is contradictory to its defense.  It argues that Plaintiffs fail to identify any pleading in which it admits that the compromised structural integrity of the mine was a "loss."  To the contrary, Defendant claims that it actually denied that a covered loss had occurred under one of the policies in its answer to Paragraph 58 of Plaintiffs' Amended Complaint. Defendant argues that some of the central issues that will ultimately have to be resolved by the Court or a jury in this matter are (a) whether a "loss" occurred, (b) when the "loss" occurred (if one did indeed occur), and (c) what caused the "loss" (if one did indeed occur). The only admission Defendant has made in its Answer is that the mine's structural integrity was compromised prior to April 2010. Plaintiffs' attempt to characterize the latter statement as an admission that a "loss" occurred and that the compromised structural integrity of the mine is said "loss" is a blatant misreading of the plain language of the answer.

Plaintiffs' objection to Defendant's inclusion of defense (7) in the pretrial order — on the basis the defense is contrary to Defendant's statements in its answer — is overruled. Defendant is entitled to list in the pretrial order all of its defenses that it has previously pled regardless of whether the defense is supported or contradicted by statements in the pleadings or evidence. Defendant need not make a showing as to the merit of a defense in order to simply list the defense in the pretrial order. This defense will remain in the pretrial order.

## IV.    Defendant's Inclusion of Affirmative Defenses Where It Does Not Bear the Burden

Plaintiffs also object to Defendant's inclusion of four affirmative defenses that Defendant claims it does not bear the burden. In support of their objection, they quote the instructions to section 7.b. of the form pretrial order, which directs Defendant to only include "those affirmative defenses that are truly affirmative in nature, meaning those on which the party defending a particular claim bears the burden of proof." Despite these instructions, Defendant nonetheless continues to improperly list, as its First, Third, Seventh, and Ninth Affirmative Defenses in its revised pretrial order section 7.b., defenses where it asserts that Plaintiffs bear the burden of proof. Plaintiffs therefore object to Defendant including these as affirmative defenses in section 7.b. of the pretrial order as these are, at best, defenses to Plaintiffs' claims. They request that these affirmative defenses be ordered stricken from section 7.b. of the pretrial order.

Defendant admits that it listed several affirmative defenses that it believes place an affirmative burden on Plaintiffs to establish certain essential elements, and not vice versa. While noting that the form pretrial order appears to seek only those affirmative defenses that are "truly affirmative in nature, meaning those on which the party defending a particular claim bears the burden of proof," Defendant states that it included these as affirmative defenses to ensure that it does

not waive them in the event that the Court decides that Defendant, and not Plaintiffs, actually has the burden of establishing the essential elements.

The instructions to section 7.b. of the form pretrial order direct that "information should only be provided for those affirmative defenses that are truly affirmative in nature, meaning those on which the party defending a particular claim bears the burden of proof." Defendant, however, has provided a reasonable explanation why it decided to include its First, Third, Seventh, and Ninth affirmative defenses in this section of pretrial order. The Court will permit Defendant to retain these as affirmative defenses in section 7.b. of the pretrial order.

**V.      Plaintiffs' Objections to Defendant's Essential Elements for Certain Affirmative Defenses**

Plaintiffs have also included in the pretrial order their objections to Defendant's essential elements for its Fifth, Sixth, and Eighth Affirmative Defenses.  They disagree with the essential elements set forth by Defendant for each of these affirmative defenses.  The Court has reviewed the proposed pretrial order and concludes that these objections are appropriately included in the pretrial order.  The Court will retain the essential elements set out by Defendants, as well as the objections to those elements set out by Plaintiffs.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' objections to Defendant's inclusion of defenses (26), (23), and (25) in the pretrial order — on the basis that they were not properly raised and preserved by the pleadings —  are sustained.  In conjunction with this Order, the Court will enter the parties' proposed pretrial order with these defenses removed.

**IT IS FURTHER ORDERED THAT** Defendant's request to amend the pleadings to add the affirmative defense failure to mitigate damages is denied as untimely.

**IT IS FURTHER ORDERED THAT** Plaintiffs' remaining objections to Defendant's

defenses and affirmative defenses, including section 7.b. of the proposed pretrial order, are overruled.

Dated in Kansas City, Kansas, this 7th day of August, 2012.

<u>s/ David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge